# NO. 12-18-00286-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY COLEMAN HICKS,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Larry Coleman Hicks, acting pro se, appeals from a conviction in which sentence was imposed on February 4, 2013. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. In this case, Appellant filed his notice of appeal on September 29, 2018, long after the time for filing a notice of appeal under Rule 26.2(a) or for seeking a motion to extend under Rule 26.3.

On October 22, 2018, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no new appealable order. We informed Appellant that the appeal would be dismissed unless the information was amended on or before November 2 to show this Court's jurisdiction. On October 29, Appellant filed an "amended notice of appeal to

show jurisdiction." The amended notice of appeal, however, does not show the jurisdiction of this Court.[1]

This Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* TEX. R. APP. P. 26.2, 26.3; *see also **Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we ***dismiss*** Appellant's appeal for ***want of jurisdiction***. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered November 28, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Appellant previously attempted to appeal from the same conviction and that appeal was dismissed for want of jurisdiction. *See **Hicks v. State***, No. 12-18-00164-CR, 2018 WL 3454878 (Tex. App.—Tyler July 18, 2018, no pet.) (mem. op., not designated for publication). Appellant has also filed other appeals to challenge convictions over which we have no jurisdiction. *See **Hicks v. State***, No. 12-18-00263-CR, 2018 WL 5023619 (Tex. App.—Tyler Oct. 17, 2018, no pet.) (mem. op., not designated for publication); *see also **Hicks v. State***, No. 12-18-00211-CR, 2018 WL 4214204 (Tex. App.—Tyler Sept. 5, 2018, no pet.) (mem. op., not designated for publication). Additionally, Appellant has another appeal that remains pending.

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also **Kossie v. State***, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 28, 2018**

**NO. 12-18-00286-CR**

**LARRY COLEMAN HICKS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1263-12)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*